## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH ALLEN ELLARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:05-cv-01751-LSC-JEO |
| | ) | |
| WARDEN CHERYL PRICE, ATTORNEY | ) | |
| GENERAL OF THE STATE OF ALABAMA, | ) | |
| and THE SOLICITOR GENERAL OF THE | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus submitted by the petitioner, Keith Allen

Ellard, pursuant to 28 U.S.C. § 2241.  (Doc. 1 ("Petition")).  Therein, he asserts that he is being

illegally detained following expiration of his state sentence for murder in the second degree.

Upon consideration, the court finds that the petition is due to be denied.

## BACKGROUND

As noted by the federal respondent, the facts underlying the petitioner's state and federal

convictions and sentences are found in the Report and Recommendation of Magistrate Judge

Charles S. Coody in *Keith Allen Ellard v. Warden Harley Lappin, et al*., Civil Action Number

99-T-136 (M.D. Ala. 2002), which provides as follows:[1]

> In 1978, the petitioner was convicted in the Circuit Court of Cullman
> County, Alabama of murder in the second degree and sentenced to 17 years
> imprisonment.  On December 25, 1978, Ellard escaped from custody of the
> Alabama Department of Corrections.  On December 28, 1978, a fugitive warrant
> for his arrest was issued by the Elmore County District Court, Elmore County,

---

[1]Attached as exhibit 3 to the response of the federal respondent.  (Doc. 5 (hereinafter "Response").

Alabama charging him with escape.  On January 9, 1979, he was arrested by the State of Washington for armed robbery.  On January 16, 1979, the State of Alabama notified the State of Washington that a fugitive warrant was issued for Ellard and filed a detainer against him with Washington state officers.  Ellard pled guilty to a charge of murder in the second degree in the United States District Court for the Western District of Washington on March 26, 1979.  On March 27, 1979, federal officials filed a detainer against him.  On April 25, 1979, he was sentenced to life imprisonment on the federal murder conviction.  On April 26, 1979, federal officials again lodged a detainer against Ellard.

Ellard remained in the custody of the State of Washington pending trial on state charges of robbery in the first degree and arson in the first degree.  All detainers remained lodged against him.  He was subsequently convicted on the state charges and sentenced to two 20-year terms of imprisonment on the robbery and arson charges, to run concurrently with his federal sentence.  On June 11, 1979, the State of Alabama issued a fugitive warrant and notified State of Washington officials.  Alabama specifically requested that Washington "use our warrant as a detainer and advise when subject will be available for our transfer agent to take custody for his return to the Alabama Prisons System."  On July 18, 1980, the State of Washington acknowledged receipt of Alabama's fugitive warrant and filed it as a detainer against Ellard.  Washington notified Alabama that federal officials had a detainer against Ellard also.  He served two years in the custody of the State of Washington before he was transferred to federal custody on October 19, 1981.

Washington forwarded Alabama's detainer to federal officials after Ellard was transferred to federal custody.  On April 12, 1982, federal officers notified Alabama that "[a] detainer has been filed against [Ellard] in your favor charging 17 years unexpired sentence for murder 2nd degree."  Ellard remained in federal custody.  On December 23, 1998, the United States Parole Commission determined that Ellard was eligible for parole on May 25, 1999.  At that time, Ellard was due to be "released to the actual physical custody of the detaining authorities, or if the detainer is not exercised, paroled to an approved plan on June 25, 1999."

(Ex. 3 at 1-3) (footnote omitted)).

On or about February 16, 1999, the petitioner filed a habeas corpus petition in the United States District Court for the Middle District of Alabama.  (Ex. 2).[2]  The Magistrate Judge, whose

---

[2]Unless noted elsewhere, all the exhibits are located with the Response.

Recommendation was adopted by the District Judge (see Ex. 5), summarized the petitioner's claim as follows:

> The petitioner in this 28 U.S.C. 2241 habeas action contends he is held illegally by federal authorities because of a state detainer against him. He requests the court to order that the detainer be removed and that he be released at the expiration of his federal sentence.

(*Id*. at 1).

Moreover, the petitioner argued that (1) the state lost jurisdiction over him in 1979 when it failed to file a detainer, extradite, or otherwise seek his return; (2) the state lost jurisdiction over him when he was "relinquished" to federal authorities in 1981; and (3) Alabama violated his right to a speedy trial. (Ex. 3 at 3). On October 30, 2001, Judge Coody rejected each of the petitioner's arguments. *Id*. at 3-6.

On December 19, 2001, the petitioner filed a motion to add further claims to his allegations. (Ex. 4). Specifically, he asserted that he was not receiving "credit of official detention, back to the original long term date. . . ." *Id*. at 4. In his motion, the petitioner stated that "[o]n April 12, 1982, Federal Officers notified Alabama that '[a] detainer has been filed against [Ellard] in your favor charging 17 years unexpired sentence for murder 2nd degree,' and your [petitioner] remained in federal custody." *Id*. at 3.

On January 8, 2002, United States District Judge Myron Thompson adopted Judge Coody's Recommendation and denied the petitioner's habeas corpus petition. (Ex. 5). As best this court can discern, the petitioner did not appeal the denial of relief. (See Ex. 2).

The petitioner was released by the Federal Bureau of Prisons on federal parole on May 25, 1999. (Ex. 1 at 1 & Att. A at 1; see also Ex. 4 at Ex. E). He was taken into custody by

Alabama authorities to serve the remainder of his seventeen year sentence for the second degree murder conviction in 1978.

### The Contentions of the Parties

The petitioner contends that his federal guilty plea was induced by a promise that the federal life sentence would be run concurrently with the seventeen year Alabama sentence he was already serving and that his reasonable expectation was that the Alabama sentence would expire prior to his federal parole.  (Petition).  He premises this upon purported representations made to him by federal prosecutors in Washington.  The petitioner additionally contends that due to a "clerical error" by the Federal Bureau of Prisons, the Alabama detainer was filed as a detainer rather than Alabama being notified that its sentence was to run concurrently with the federal life sentence.  *Id*.  He further contends that federal authorities could have returned him to the Alabama prison system and lodged the federal life sentence as a detainer with Alabama authorities, thereby allowing the Alabama sentence to run concurrently with the federal life sentence.  *Id*.

The federal respondent contends that (1) the petitioner is not in federal physical custody (for service of sentence purposes) but is instead in the custody of the State of Alabama; (2) the petition is an improper successive petition and an abuse of the writ of habeas corpus in that the petitioner either has previously litigated, or could have litigated, the issues in the case at bar in the United States District Court for the Middle District of Alabama; (3) to the extent that the petition attempts to challenge the petitioner's federal guilty plea, it is time-barred and, therefore, the petitioner cannot show that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective; and, (4) any claim challenging the propriety of the petitioner's federal guilty plea must be

4

addressed by the forum in which the conviction arose because the petitioner's claim is not cognizable under § 2241 because it is cognizable under § 2255 and the petitioner has made no showing that his § 2255 remedy is inadequate or ineffective to test the legality of his federal detention. (Response at 9). The federal respondent alternatively seeks to have this court direct the petitioner to show cause why the petition is not due to be dismissed as successive and an abuse of the writ of habeas corpus in light of the decision in his previous federal petition. *Id.*

The state respondents assert that (1) his claims are not cognizable under 28 U.S.C. § 2241, (2) the State of Alabama was not bound by any purported representations by federal authorities, (3) to the extent that he seeks to challenge his original state murder conviction on due process grounds, he has failed to exhaust his remedies, (4) this petition is barred by the applicable statute of limitations, and (5) it is a prohibited, successive petition. (Doc. 10).

## DISCUSSION

Construing the petitioner's claims broadly, he is challenging his federal plea and sentence, his state conviction, and the service of the sentences imposed by each court. With regard to any challenges to his federal conviction in the United States District Court for the Western District of Washington, 28 U.S.C. § 2255 provides the primary means of collateral attack for any error that "occurred at or prior to sentencing." *See United States v. Flores*, 616 F.2d 840 (5th Cir. 1980).[3] A motion submitted pursuant to § 2255 must be brought in the District wherein the conviction arose. 28 U.S.C. § 2255. Additionally, a prisoner may file a second § 2255 motion only in very narrow circumstances. Such a petition must also be brought

---

[3]Decisions of the former Fifth Circuit Court of Appeals decided by September 30, 1981, are binding precedent in the Eleventh Circuit Court of Appeals. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

within one year of the finality of the conviction being challenged (28 U.S.C. § 2255 at ¶ 6(1)), or within one year of the effective date of the amendments imposing a one-year limitation, whichever is later.[4]  *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998).  Additionally, a petitioner filing a successive petition must obtain court of appeals permission to file such a petition before it may be filed and considered by the trial court.  28 U.S.C. § 2244(b)(2) & (3). The respondents correctly note that these new restrictions on successive habeas corpus petitions apply to the successive habeas petition even if the first petition was denied prior to the effective date of the amendments to the habeas corpus statutes.  *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

28 U.S.C. § 2241 provides that writs of habeas corpus may be granted in very limited circumstances.  Section 2241 relief may be entered only when the petitioner establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 at ¶ 5.  A remedy is not inadequate or ineffective under § 2255 merely because the sentencing court denies relief.  *McGhee v. Hanberry*, 604 F.2d 9, 11 (5th Cir. 1979).  A petitioner who has filed and been denied relief in a previous § 2255 motion may not circumvent the successive petition rule simply by filing another petition under § 2241.  *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir. 1999).  Moreover, a federal court may not entertain a § 2241 petition where a prisoner has previously litigated or could have litigated the issue previously.  *Glumb v. Honsted*, 891 F.2d 872, 872-73 (11th Cir. 1990).

At the outset, it must be stated that the petitioner is no longer in federal custody.  (Van

---

[4]Section 2255 also provides that the date runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255 at ¶ 6(4).  As discussed herein, the court does not find any circumstances warranting the application of this date.

Vandivier Declaration).[5]  He is now in the actual, physical custody of the State of Alabama Department of Corrections ("DOC") which is executing the remainder of the original seventeen year sentence imposed in 1978.  Accordingly, any order of this court to any agent or officer of the United States finding that his Alabama and federal sentences were to run concurrent would not result in the release of the petitioner from the DOC.  Additionally, an order to any agent or officer of the United States to "release" the petitioner would not result in the petitioner's release from the DOC.  Thus, the federal respondent is correct in his assertion that the proper respondent in this action is the State of Alabama.

The federal respondent further asserts that even if the United States were the proper respondent for a claim that the petitioner is serving a state sentence in a state prison which should have been run concurrent with a subsequently imposed federal custodial sentence, the petition is due to be denied as successive and/or as an abuse of the writ of habeas corpus.  As is set forth above, the petitioner has previously litigated the issues related to the execution of the state detainer and his arguments that he was due to "be released at the expiration of his federal sentence."  (Ex. 3).  These claims were considered and rejected by Judges Coody and Thompson. The petitioner cannot now re-litigate those issues or any related issues that could have been raised in the previous § 2241 action.  *See Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990) ("petitioner's 'new' claim regarding his failure to receive a five-year parole termination hearing constitutes an abuse of the writ because it could have been raised in the previous petitions"). Such a petition is either successive (where the issues were litigated) or an abuse of the writ of habeas corpus (where the issues could have been litigated).  *See Glumb*, 891 F.2d at 873-74.

---

[5]The declaration is located at exhibit one to document 5.

Additionally, the federal respondent further and correctly notes that the petitioner's failure to appeal that adverse judgment constitutes a procedural default of the underlying claim. Accordingly, the petition is due to be dismissed as successive and/or as an abuse of the writ of habeas corpus.

To the extent that the petitioner is on parole for the federal life sentence received in Washington, he is deemed to be "in custody" for purposes of federal habeas corpus law. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus"); *Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoners who have been released on parole are still "in custody" because the conditions of parole significantly restrict their liberty). The petitioner's contention that his guilty plea was induced by a prosecutorial promise that his federal sentence would run concurrent with his Alabama sentence (or vice versa) would thus be cognizable to challenge his federal conviction and sentence. However, such a challenge would be cognizable under 28 U.S.C. § 2255, which has a one-year statute of limitations. The Eleventh Circuit has held that where a defendant's conviction pre-dates the amendment to § 2255, the defendant has one year from the effective date of the amendment to file his § 2255 action. *Guenther v. Holt*, 173 F.3d 1328 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). Thus, the petitioner had until April 24, 1997, to file his motion challenging his federal guilty plea, which he failed to do.

To the extent that § 2244 allows for a petitioner to otherwise file a petition challenging a conviction or sentence, those circumstances are not applicable in this instance. The petitioner has been aware of the consecutive nature of his Alabama sentence since at least December 2001 (Ex. 4). He did not filed a timely § 2255 motion so he is now procedurally barred from filing

8

such a motion.

In *Howard v. United States*, 374 F.3d 1068 (11th Cir. 2004), the Eleventh Circuit held that, when an event occurs which invokes the savings clause of § 2244, "the one-year clock of § 2255 ¶ 6's statute of limitations" is "restarted." *Howard*, 374 F.3d at 1080. Because the petitioner was aware of the situation concerning the execution of his Alabama sentence in December 2001 and he did not file a § 2255 motion within one year of that date, to the extent the present motion is filed pursuant to § 2255, it is time-barred. Additionally, the petitioner's § 2255 remedy is not inadequate or ineffective, for purposes of justifying the filing of a § 2241 motion, simply because his claim is time-barred or because the sentencing court would deny his relief. *See McGhee v. Hanberry*, 604 F.2d 9, 11 (5th Cir. 1979); *see also In re Vial*, 115 F.3d 1192 (4th Cir. 1997) (the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]n order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition . . . . a § 2255 motion is not 'inadequate or ineffective' merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire").

In sum, this court finds that (1) any challenge the petitioner seeks to advance concerning his federal guilty plea is time-barred under § 2255 and (2) any challenge under § 2241 is precluded because his 2255 remedy is not inadequate or ineffective simply because the motion

would be unsuccessful.

To the extent that the petitioner is asserting claims pursuant to 28 U.S.C. § 2254 concerning his 1978 state murder conviction and sentence, the state respondents argue he is entitled to no relief.  The state respondents assert that any challenge to the original plea and sentence is procedurally barred from review by the statute of limitations and the fact that the petitioner did not exhaust his state court remedies.  (State Response at 4-8).[6]  The court agrees.

First, with regard to the statute of limitations, the law is clear that petitioners, such as Ellard, whose convictions became final prior to the enactment of the one year statute of limitations should not be time barred by 28 U.S.C.§ 2244(d) until they have had a "reasonable" time[7] after its adoption to file their habeas corpus petitions.  The Eleventh Circuit has also held that a "reasonable" time is until April 23, 1997, one year from the date AEDPA was enacted.  *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209 (11th Cir. 1998).  In this case, the petitioner did not file the present petition until 2005.  It is therefore untimely.

To the extent he references in his pleadings that he has experienced mental health issues due to post-traumatic stress during his childhood, his allegations are not sufficient to warrant equitable tolling.  In order to be entitled to the benefit of equitable tolling under the statute of limitations, a habeas corpus petitioner must act with diligence, and the untimeliness of the filing must be the result of "extraordinary circumstances" beyond his control and they must be unavoidable even with the exercise of diligence.  *Wade v. Battle*, 379 F.3d 1054,1265 (11th Cir.

---

[6]This response is located at document 10.

[7]*See generally, Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 286 n.23, 103 S. Ct. 1811, 1819 n.23, 75 L. Ed. 2d 840 (1983) (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n.21, 102 S. Ct. 781, 791 n.21, 70 L. Ed. 2d 738 (1982)).

2004) (quoting *Drew v. Dep't of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002, *cert. denied*,

537 U.S. 1237, 123 S. Ct. 1364, 155 L. Ed. 2d 205 (2003)); *see also Howell v. Crosby*, 415 F.3d

1250, 1251 (11th Cir. 2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v.*

*Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S.

89, 96 (1990)).  The Eleventh Circuit Court of Appeals in *Drew* stated:

> . . . . It is by now clear in this Circuit that "[e]quitable tolling can be
> applied to prevent the application of the AEDPA's statutory deadline when
> 'extraordinary circumstances' have worked to prevent an otherwise diligent
> petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312.  Although
> "[e]quitable tolling is an extraordinary remedy which is typically applied
> sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v.*
> *Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d
> 435 (1990)), it is "appropriate when a movant untimely files because of
> extraordinary circumstances that are both beyond his control and unavoidable
> even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.
> 1999) (emphasis added).  The burden of establishing entitlement to this
> extraordinary remedy plainly rests with the petitioner.  *See, e.g., Helton*, 259 F.3d
> at 1313-14 (denying equitable tolling in light of petitioner's failure to present
> necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th
> Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is
> warranted.").
>
> In order to be entitled to the benefit of equitable tolling, a petitioner must
> act with diligence, and the untimeliness of the filing must be the result of
> circumstances beyond his control.

*Drew*, 297 F.3d at 1286.  The petitioner's general, conclusory allegations that he was suffering

from a mental impairment are insufficient to excuse his long delay in initiating the present

matter.  Additionally, the fact that he previously litigated the related issues in 1999 in the United

States District Court for the Middle District of Alabama demonstrates that his circumstances

were not sufficiently extraordinary to warrant any equitable tolling.[8]

Second, with regard to the federal sentencing, the state respondents also correctly note that any purported sentencing representation made by the federal prosecutors is unavailing. *See United States v. Fuzer*, 18 F.3d 517 (7th Cir. 1994) ("state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent").

## CONCLUSION

Premised on the foregoing, the petitioner's petition for habeas corpus is due to be denied and dismissed.

Done this 21st day of February 2007.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

---

[8]Even were the court permitted to address the petitioner's substantive challenge to his Alabama conviction premised on due process grounds related to his metal health, he would not be entitled to any relief.  His allegations fall short of the necessary due process requirements that would impact the guilty plea proceedings.